Read, J.
The whole question in this case depends upon the •fact whether the county of Crawford, by the change of its boundaries, for the erection of the new county of Wyandot, and for the preservation of its constitutional limits, became a new county. The county of Crawford was organized in 1820. The political organization of the county of Crawford was not destroyed by the .act of 1845, creating the new county of Wyandot. The act organizing the county of Crawford has never been repealed. It can not, therefore, be contended that Crawford is a new county. It is *393 either an old county, or else it has no existence, having been destroyed by being reduced below its constitutional limits, and not having been re-established. In either case it would not be entitled to the money claimed from Marion county. It is claimed that it became a new county by the act which, for the construction of Wyandot county, reduced it below its constitutional limits, and added sufficient territory to make up the deficiency. The identity of a county does not depend upon its territorial boundaries, but its political organization, which the constitution prohibits from being established upon *a less territory than 400 square miles. The object of the act of 1845, in the erection of the county of Wyandot, was not the destruction of the county of Crawford, or a violation of the constitution, but was merely for the erection of a new county, and the preservation of the constitutional territory to an old one, by shifting its boundaries. Now whilst the legislature is prohibited from erecting a new county upon less territory than 400 square miles, we know of no constitutional objection to changing the boundary of a county, if the constitutional quantity of territory is preserved.
This was all’ the act of 1845, beyond the erection of the new •county, contemplated or declared. A change of boundary is not the erection of a new county. If its political organization continues, its identity is preserved, its existence dates from the act erecting it, and not the act which may change its boundary. But in the present instance it was not the design of the legislature to destroy Crawford county, or create it into a new county. If it was •destroyed at all, it is by a construction of the act in reference to the constitution, holding that reducing its old limits below the •constitutional quantity, destroyed the county, and that adding thereto new territory, to make up the deficiency, created a new oounty. Such was not the object or intent of the legislature; nor .are we authorized to construe the act to effect that result.
In no sense, then, is Crawford a new county within the meaning of the act under which she seeks to establish a charge upon the treasury of Marion county. Judgment affirmed.